UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| WALLACE G. MITCHELL, | ) ) ) | |
| Plaintiff, | ) | |
| v. | ) ) | Civil Action No. 15-1192 (BAH) |
| CHARLES E. SAMUELS, JR., | ) ) ) | |
| Defendant. | ) ) | |

**MEMORANDUM OPINION**

This matter is before the Court on the Defendant's Motion to Dismiss or, Alternative, for Summary Judgment [ECF No. 5]. For the reasons discussed below, the motion will be granted.

I. BACKGROUND

The plaintiff brings this action under the Freedom of Information Act ("FOIA"), *see* 5 U.S.C. § 552, against the Federal Bureau of Prisons ("BOP"), a component of the United States Department of Justice ("DOJ").[1] He alleges that, on or about July 18, 2014, he submitted a FOIA request to the BOP "seeking his chronological disciplinary record (PD-15) accrued while in the federal prison system and a listing of all federal prison locations and the names of all associate wardens." Compl. [ECF No. 1-1] at 1 (emphasis omitted). As of June 8, 2015, the date

---

[1] Because the FOIA applies to executive branch agencies of the federal government, *see* 5 U.S.C. § 552(f)(1), the plaintiff cannot bring a FOIA claim against the BOP's Director, *see, e.g., Flaherty v. President of the United States*, 796 F. Supp. 2d 201, 205-06 (D.D.C. 2011), *aff'd*, 468 F. App'x 8 (D.C. Cir. 2012). The Court will dismiss Charles E. Samuels, Jr. as a party defendant, and will proceed as if the plaintiff brought this action under the FOIA against the DOJ. For administrative convenience, the caption of the case remains unchanged.

he filed his complaint, plaintiff states that the BOP had not released this information.[2]  *Id*.  He demands release of this "information[,] costs of pursuing the information, and punitive damages . . . ." *Id*.

The BOP's declarant conducted a search for but did not locate a request from the plaintiff from 2014.  Mem. of Law in Support of Def.'s Mot. to Dismiss or, in the Alternative for Summ. J. [ECF No. 5-1] ("Def.'s Mem."), Decl. of Eugene E. Baime ("Baime Decl.") ¶ 5.  However, the declarant found "a FOIA request . . . received in March 2015, where the [p]laintiff requests his PD-15 history."  Baime Decl. ¶ 5.  This request did not "mirror the claim [p]laintiff raises in his complaint because, in the complaint . . . he also sought a list of all federal prisons and the names of all Associate Wardens."  *Id*.  Rather, the 2015 FOIA request sought only "a copy of [plaintiff's] chronological disciplinary record (PD-15), for the entire time [he] was in BOP custody."  *Id*. ¶ 6; *see* Mem. in Opp'n to Pl.'s Mot. to Strike [ECF No. 13], Attach. 1 (FOIA Request No. 2015-03633 dated February 28, 2015).

"Although the BOP does not, as a practice, move the processing of a request ahead of others [because] a requester has filed a lawsuit," it chose to process plaintiff's 2015 request immediately because it had the responsive records and because the records were few in number.  Baime Decl. ¶ 8.  A search of "the BOP's intranet inmate information repository called SENTRY," *id*., yielded 35 pages of records, *id*. ¶ 9.  The BOP released 27 of these pages in their entirety and released 8 pages in redacted form; it withheld certain information under Exemptions 6, 7(C) and 7(F).  *See id*. ¶ 9; *see generally* Mem. in Opp'n to Pl.'s Mot. to Strike, Attach. 3

---

[2]  Plaintiff initially filed this civil action in the Superior Court of the District of Columbia on June 8, 2015. Defendant removed the action on July 23, 2015.

Content:

(Letter to plaintiff from Eugene Baime, Supervisory Attorney, Central Office, BOP, dated August 6, 2015).

## II. DISCUSSION

### A.  *Summary Judgment in a FOIA Case*

"FOIA cases typically and appropriately are decided on motions for summary judgment." *Defenders of Wildlife v. U.S. Border Patrol*, 623 F. Supp. 2d 83, 87 (D.D.C. 2009).  Ordinarily, where the agency moves for summary judgment, the agency must identify materials in the record to demonstrate the absence of any genuine issue of material fact.  *See* Fed. R. Civ. P. 56(c)(1). Plaintiff as the non-moving party then must point to specific facts in the record to show that there remains a genuine issue that is suitable for trial.  *See Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).  But where, in a FOIA case, plaintiff has not provided evidence that an agency acted in bad faith, "a court may award summary judgment solely on the basis of information provided by the agency in declarations," *Moore v. Bush*, 601 F. Supp. 2d 6, 12 (D.D.C. 2009), provided that the declarations are not "conclusory, merely reciting statutory standards, or . . . too vague or sweeping." *King v. U.S. Dep't of Justice*, 830 F.2d 210, 219 (D.C. Cir. 1987) (footnote omitted).[3]

---

[3]  The plaintiff moves to strike the Baime Declaration.  *See generally* Motion to Strike Declaration of Eugene E. Baime [ECF No. 8].  He notes that, although "the Baime [Declaration] purports to have three (3) attachments to it, . . . these attachments were not included, and probably do not actually exist."  Mot. to Strike Decl. ¶ 3.  In addition, the plaintiff asserts that the declarant lacks personal knowledge and fails to set forth facts that would be admissible in evidence.  *Id.* ¶ 4.  The defendant attaches the exhibits to the Memorandum in Opposition to Plaintiff's Motion to Strike [ECF No. 13-1], and the declarant avers that his statements are "based on [his] personal knowledge of the information regarding the FOIA/PA request that is the subject of the complaint in *Wallace Mitchell v. Charles Samuels, Jr.*, 1:15-cv-01192 (DC) (BAH)," Baime Decl. ¶ 2.  The plaintiff's motion to strike will be denied.

*B. Exhaustion of Administrative Remedies*

"[E]ach agency, upon any request for records which (i) reasonably describes such records and (ii) is made in accordance with published rules stating the time, place, fees (if any), and procedures to be followed, shall make the records promptly available to any person." 5 U.S.C. § 552(a)(3)(A). "An agency's disclosure obligations are not triggered, however, until it has received a proper FOIA request in compliance with its published regulations." *Antonelli v. Fed. Bureau of Prisons*, 591 F. Supp. 2d 15, 26 (D.D.C. 2008). A requester must "[c]omply with both FOIA *and* agency requirements . . . before the agency can release the requested documents," and his failure to comply with applicable regulations "amounts to a failure to exhaust administrative remedies, which warrants dismissal." *Dale v. IRS*, 238 F. Supp. 2d 99, 102 (D.D.C. 2002) (emphasis in original) (citations omitted).[4] "Exhaustion of administrative remedies is generally required before seeking judicial review" under FOIA, *Wilbur v. CIA*, 355 F.3d 675, 677 (D.C. Cir. 2004) (per curiam), in order that an agency have "an opportunity to exercise its discretion and expertise on the matter and to make a factual record to support its decision," *id.* (quoting *Oglesby v. U.S. Dep't of the Army*, 920 F.2d 57, 61 (D.C. Cir. 1990)).

The declarant explains that "[t]he BOP tracks FOIA requests . . . in a database called FOIAXpress." Baime Decl. ¶ 4. On receipt of each request, BOP staff reviews it "to determine if it is a perfected request," that is, a request "submitted in writing[,] electronically or hard copy" which "reasonably describes an agency record, and is in compliance with agency regulations." *Id*. Only if a request is perfected is it "logged into FOIAXpress and assigned a FOIA tracking

---

[4] The District of Columbia Circuit instructs that "[a] FOIA plaintiff's failure to exhaust administrative remedies before filing a civil action is properly treated as a failure to state a claim upon which relief may be granted" under Fed. R. Civ. P. 12(b)(6). *Saldana v. Fed. Bureau of Prisons*, 715 F. Supp. 2d 10, 18 (D.D.C. 2010) (citing *Hidalgo v. FBI*, 344 F.3d 1256, 1260 (D.C. Cir. 2003)). Because parties submit and the Court considers matters outside of the pleadings, the Court treats the defendant's motion as one for summary judgment. *See* Fed. R. Civ. P. 12(d), 56.

number." *Id*. The declarant's search of FOIAXpress "did not reveal a FOIA request that mirrored [the] request as . . . articulated in his [complaint]." *Id*. ¶ 5. Thus, the BOP has no record of receipt of the July 18, 2014 FOIA request. *See id*. The BOP moves to dismiss the plaintiff's complaint on the ground that plaintiff failed to exhaust his administrative remedies prior to filing this civil action. *See generally* Def.'s Mem. at 4-8.

According to the plaintiff, "the claim by the defendant to have not received [his 2014] FOIA request is untrue." Opp'n to Mot. to Dismiss or, Alternatively for Summ. J. [ECF No. 7] ("Pl.'s Opp'n") ¶ 3 (emphasis removed). He provides a copy of his July 18, 2014 FOIA request and a United States Postal Service tracking number to show that he sent his request to the BOP "via . . . first class mail with a tracking on it." *Id*.; *see id*., Attach. A (Freedom of Information Act (FOIA) Request). Further, the plaintiff claims to have spoken with the BOP's chief FOIA Officer on August 8, 2014, who allegedly confirmed receipt of his request. *Id*., Ex. 1 ¶ 3. Defendant counters that, "at most, the existence of a tracking number would show that [p]laintiff sent *something* to some addressee via USPS," but his submission fails to show "that he sent a FOIA request to [the] BOP." Reply Mem. in Support of Def.'s Mot. to Dismiss or, in the Alternative Summ. J. [ECF No. 11] at 2. Furthermore, counsel's "search for the tracking number [p]laintiff has identified on the USPS website yields a response 'the Postal Service could not locate the tracking information for your request.'" *Id*.; *see id*., Ex. A.

The Court concludes that the existence of a USPS tracking number is not competent evidence that plaintiff submitted a valid FOIA request in 2014. The plaintiff does not demonstrate that the BOP actually received the July 18, 2014 request, however. "If no FOIA request is received, an agency has no reason to search or produce records and similarly has no basis to respond." *Carbe v. Bureau of Alcohol, Tobacco and Firearms*, No. 03cv1658, 2004 WL

2051359, *8 (D.D.C. Aug. 12, 2004); *see Thomas v. FCC*, 534 F. Supp. 2d 144, 146 (D.D.C. 2008) (granting summary judgment in the agency's favor "[i]n the absence of any evidence that plaintiff submitted a proper FOIA request to which defendant would have been obligated to respond"). Thus, the plaintiff fails to demonstrate that he has exhausted his administrative remedies with respect to the June 18, 2014 request, and the defendant's motion for summary judgment will be granted.

### III. CONCLUSION

The Court will grant the defendant's motion on the ground that plaintiff failed to exhaust his administrative remedies prior to filing this civil action. An Order accompanies this Memorandum Opinion.

DATE: February 17, 2016                                    /s/ *Beryl A. Howell*

                                                           BERYL A HOWELL
                                                           United States District Judge